AYLESWORTH, respondent, *v.* REECE et al., appellants.

CASE AFFIRMED RELATING TO JURY LAW. The case of *Kleinschmidt* v. *Dunphy*, *ante*, p. 118, deciding that three-fourths of a jury cannot find a verdict in common-law actions, where the value at controversy exceeds $20, affirmed.

*Appeal from the First District, Madison County.*

THIS action was tried by a jury in the district court, in May, 1869, and nine of the jury returned a verdict for plaintiff, for $800. Three jurymen dissented. The court, WARREN, J., entered judgment on the verdict, and defendants appealed.

The decision upon one exception renders unnecessary a statement of the facts.

H. N. BLAKE, for appellants.

WORD & SPRATT, for respondent.

SYMES, J. This was an action for damage for breach of contract, plaintiff alleging that defendants, in consideration that he would build an arastra for crushing quartz, agreed to deliver to him one hundred tons of good gold bearing quartz ; that he built the arastra, but defendants failed to deliver the quartz.

Defendants denied the allegations of the complaint. The case was tried before a jury at the May term of the Madison county district court, and a verdict found for the plaintiff for $800, which verdict was signed by nine jurymen only. Judgment was rendered on the verdict, and the defendants excepted to the verdict and judgment, for the reason that it was not the verdict of twelve men but of nine.

The question presented is, whether the judgment is erroneous, being rendered on a verdict of nine jurymen, and no consent of parties that the case should be tried by less than twelve. This court has decided in the case of *Kleinschmidt et al.* v. *Dunphy et al.*, that so much of the law

of 1869, passed by the legislative assembly, as provides that three-fourths of a jury may find a verdict in common-law actions, is unconstitutional and void.

The judgment must be reversed, and cause remanded for new trial.

*Judgment reversed.*